ALLAN LESLIE ET AL. *v.* BOARD OF REPRESENTATIVES OF THE CITY OF STAMFORD

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 3, 1960—decided January 3, 1961

*Isadore M. Mackler,* with whom was *Theodore Godlin,* for the appellant (defendant).

*Saul Kwartin,* for the appellees (plaintiffs).

BALDWIN, C. J.   This case was argued together with *Burke* v. *Board of Representatives* and *De-Carlo* v. *Board of Representatives,* decided this day.

The plaintiffs owned land on Hope Street in Stamford on which it was proposed to erect a branch post office. On April 15, 1958, on their application; Stamford Charter § 522.3; 26 Spec. Laws 1229; the planning board changed the land-use category of their property from R-7½ (one-family residence district) to C-N (neighborhood business district) by amending the master plan of the city adopted pursuant to § 522.1 of the charter. 26 Spec. Laws 1229. On April 28, 1958, a petition of objection to the amendment was filed with the planning board, as permitted by § 522.4 of the charter. 26 Spec. Laws 1229. On May 6, 1958, that board, acting under § 522.4, referred the matter to the board of representatives and forwarded to it forty copies of the minutes of the meetings of the planning board held in connection with the application for the amendment, as well as two maps which were used at the public hearings. The board of

representatives committed the matter to a legislative and rules committee composed of ten of its members. The committee had before it not only the maps and a transcript of the minutes of the meetings of the planning board held on March 18 and April 15 but also a transcript of the hearings held by the planning board on the application for the amendment, together with letters from individuals and civic organizations. The committee voted unanimously to recommend that the amendment be rejected. Thereafter, on July 7, 1958, upon motion duly made and seconded, the board of representatives rejected the amendment.

It is conceded by the board of representatives, the defendant, that the plaintiffs were given no notice of a hearing by either the committee or the board of representatives and no hearing was held, although the plaintiffs requested a hearing before the committee. The plaintiffs did not see, nor were they given an opportunity to refute, statements contained in letters received by the committee and the board of representatives. The procedure for the adoption of ordinances or resolutions prescribed in § 204.1 of the Stamford charter; 26 Spec. Laws 938; was not followed by the board of representatives. It kept no stenographic transcript of the proceedings of its committee or of the deliberations of the board itself.

This case involved an amendment of the master plan by the planning board, whereas the *Burke* and *DeCarlo* cases, decided this day, involved an amendment of the zoning map by the zoning board. The sections of the charter dealing with amendment of the master plan and of the zoning map are identical in language so far as the issues in the case at bar are concerned. Stamford Charter §§ 522.2, 522.3,

522.4, 552, 552.1, 552.2; 26 Spec. Laws 1229, 1235. An appeal to the Court of Common Pleas from the action of the planning board in amending the master plan, or, in case that action is referred to the board of representatives, from it, is provided for in § 529 of the charter. 26 Spec. Laws 1233. The facts in this case are similar to those in the *Burke* and *DeCarlo* cases and raise identical questions of law. The decision in those cases requires a like decision in this.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.